**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:26-cv-00308-KKC**

**TAYLOR MARSHALL** **PLAINTIFF**

**v.**

**ROSS WOODWARD, *et al.*** **DEFENDANTS**

---

## ANSWER

---

The Defendants, Ross Woodward, individually and in his official capacity as a Covington Police Officer, and the City of Covington, Kentucky, by and through counsel, for their Answer to the Complaint (Doc. 1-1), state as follows:

1. Defendants deny the averments in paragraph 1 of the Complaint.

2. Defendants deny the averments in paragraph 2 of the Complaint.

3. Defendants deny the averments in paragraph 3 of the Complaint.

4. Defendants deny the averments in paragraph 4 of the Complaint.

5. Defendants deny the averments in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 to the extent they constitute conclusions of law or characterizations of Plaintiff's claims, and otherwise state that no response is required.

7. Defendants deny the allegations in paragraph 7 to the extent they constitute conclusions of law or characterizations of Plaintiff's claims, and otherwise state that no response is required.

8. Defendants deny the allegations in paragraph 8 to the extent they constitute conclusions of law or characterizations of Plaintiff's claims, and otherwise state that no response is required.

9. Defendants deny the allegations in paragraph 9 to the extent they constitute conclusions of law or characterizations of Plaintiff's claims, and otherwise state that no response is required.

10. Defendants deny the allegations in paragraph 10 to the extent they constitute conclusions of law or characterizations of Plaintiff's claims, and otherwise state that no response is required.

11. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 10 as adopted in paragraph 11 of the Complaint.

12. Defendants deny the averments in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

13. Defendants admit the averments in paragraph 13 of the Complaint to the extent that they state Defendant Woodward was employed as a police officer by the City of Covington on July 17, 2025.

14. Defendants admit the averments in paragraph 14 of the Complaint.

15. The allegations and rulings in United States District Court for the Eastern District of Kentucky Case No. 2:26-cv-00297, as cited in paragraph 15 of the Complaint, speak for themselves and require no further response by Defendants, and Defendants deny all remaining averments therein.

16. Defendants deny the averments in paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

17. Defendants deny the averments in paragraph 17 of the Complaint.

18. Defendants admit so much of paragraph 18 of the Complaint that avers that the City is a municipal corporation duly authorized to operate under the laws of the Commonwealth of Kentucky, but all remaining averments call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

19. The averments in paragraph 19 call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

20. The averments in paragraph 20 call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

21. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 20 as adopted in paragraph 21 of the Complaint.

22. Defendants admit so much of paragraph 22 of the Complaint that avers that Covington Police arrested individuals on the John A. Roebling Suspension Bridge on July 17, 2025, but deny all remaining averments therein.

23. Defendants admit that Plaintiff Marshall was arrested on July 17, 2025, but deny any remaining averments in paragraph 23 to the extent a response is required.

24. Defendants deny the averments in paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

25. Defendants deny the averments in paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

26. Defendants admit that individuals participating in the events described in the Complaint traversed the south lane of the John A. Roebling Suspension Bridge, among other

areas, but deny any remaining averments in paragraph 26 to the extent a response is required, including any characterization of the activity as a peaceful "march."

27. Defendants admit that officers of the Covington Police Department were dispatched to the John A. Roebling Suspension Bridge in response to reports of the activity occurring there and the resulting traffic, public safety, and operational concerns, but deny any remaining averments in paragraph 27 to the extent a response is required.

28. Defendants admit that Defendant Woodward was dispatched to the John A. Roebling Suspension Bridge on July 17, 2025.

29. Defendants deny the averments in paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

30. Defendants admit that Covington Police officers issued orders and directives to the individuals on the Bridge, including orders to disperse, but deny any remaining averments therein.

31. Defendants deny the averments in paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

32. Defendants admit so much of paragraph 32 of the Complaint that avers that Plaintiff failed to disperse after being advised several times to do so.

33. Defendants admit so much of paragraph 33 of the Complaint that avers that Plaintiff was advised several times to disperse, but deny any remaining averments therein. Defendants further state that Plaintiff failed to disperse after being advised several times to do so and, when officers were attempting to place another individual under arrest, Plaintiff attempted to pull that individual away from the officers.

34. Defendants deny the averments in paragraph 34 of the Complaint to the extent they characterize Plaintiff's conduct as the peaceful exercise of First Amendment rights. To the extent the remaining averments call for a conclusion of law, no response is required.

35. Defendants deny the averments in paragraph 35 of the Complaint, including the characterization of the demonstration as "peaceful." Defendants further state that, prior to Plaintiff's arrest, Plaintiff had failed to disperse after being advised several times to do so and had attempted to pull another individual away from officers who were attempting to place that individual under arrest. Defendants deny that any force used by officers was without lawful justification or otherwise improper.

36. The body-worn camera footage cited by Plaintiff in paragraph 36 of the Complaint speaks for itself and requires no further response by Defendants. Defendants expressly deny that officers were "rioting" or "assault[ing]" protesters, as alleged, and affirmatively state that Plaintiff's characterization of the footage and the events depicted therein is inaccurate and taken out of context.

37. The encounter referenced in paragraph 37 of the Complaint is wholly depicted by body-worn camera footage, which speaks for itself and requires no further response. Defendants deny any characterization, interpretation, or assertion concerning the footage that is inconsistent with an objective viewing of the footage itself and affirmatively state that Plaintiff's characterization of the events depicted therein is incomplete, misleading, and taken out of context.

38. The encounter referenced in paragraph 38 of the Complaint is wholly depicted by body-worn camera footage, which speaks for itself and requires no further response. Defendants deny any characterization, interpretation, or assertion concerning the footage

that is inconsistent with an objective viewing of the footage itself and affirmatively state that Plaintiff's characterization of the events depicted therein is incomplete, misleading, and taken out of context.

39. Defendants admit so much of paragraph 39 of the Complaint that avers that Plaintiff's encounter with Covington Police is recorded by body-worn camera footage, but deny the characterization that the encounter was an "attack" on her.

40. Defendants deny the averments in paragraph 40 of the Complaint.

41. Defendants deny the averments in paragraph 41 of the Complaint.

42. Defendants admit the averments in paragraph 42 of the Complaint to the extent they reference Plaintiff's arrest, but deny the remaining averments therein.

43. Defendants deny the averments in paragraph 43 of the Complaint.

44. Defendants deny the averments in paragraph 44 of the Complaint.

45. Defendants deny the averments in paragraph 45 of the Complaint.

46. Defendants deny the averments in paragraph 46 of the Complaint.

47. Defendants deny the averments in paragraph 47 of the Complaint.

48. Defendants deny the averments in paragraph 48 of the Complaint.

49. Defendants deny the averments in paragraph 49 of the Complaint.

50. Defendants deny the averments in paragraph 50 of the Complaint.

51. Defendants deny the averments in paragraph 51 of the Complaint.

52. Defendants deny the averments in paragraph 52 of the Complaint.

53. Defendants deny the averments in paragraph 53 of the Complaint.

54. Defendants deny the averments in paragraph 54 of the Complaint.

55. Defendants deny the averments in paragraph 55 of the Complaint.

56. Defendants deny the averments in paragraph 56 of the Complaint.

57. The criminal records and court filings in Kenton Circuit Court Case Nos. 25-01212 and 25-F-1007, which are referenced in paragraph 57 of the Complaint, speak for themselves and require no further response by Defendants.

58. Defendants deny the averments in paragraph 58 of the Complaint.

59. The encounter referenced in paragraph 59 of the Complaint is wholly depicted by body-worn camera footage, which speaks for itself and requires no further response. Defendants deny any characterization, interpretation, or assertion concerning the footage that is inconsistent with an objective viewing of the footage itself and affirmatively state that Plaintiff's characterization of the events depicted therein is incomplete, misleading, and taken out of context.

60. The criminal records and court filings in Kenton Circuit Court Case Nos. 25-01212 and 25-F-1007, which are referenced in paragraph 60 of the Complaint, speak for themselves and require no further response by Defendants.

61. The criminal records and court filings in Kenton Circuit Court Case Nos. 25-01212 and 25-F-1007, which are referenced in paragraph 61 of the Complaint, speak for themselves and require no further response by Defendants.

62. Defendants deny the averments in paragraph 62 of the Complaint and specifically deny that Plaintiff relied to their detriment on any alleged promise by Defendants.

63. Defendants deny the averments in paragraph 63 of the Complaint to the extent they characterize or misstate any statements made by Defendant Covington or its

representatives. Any press conference, statements, recordings, or related materials speak for themselves and require no further response by Defendants.

64. Defendants admit that Defendant Woodward was employed by the City of Covington, but deny any remaining averments in paragraph 64 to the extent a response is required for lack of information sufficient to form a belief as to their truth or falsity.

65. The averments in paragraph 65 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

66. The averments in paragraph 66 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

67. The averments in paragraph 67 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

68. The averments in paragraph 68 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

69. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 68 as adopted in paragraph 69 of the Complaint.

70. Defendants deny the averments in paragraph 70 of the Complaint.

71. Defendants deny the averments in paragraph 71 of the Complaint.

72. Defendants deny the averments in paragraph 72 of the Complaint.

73. Defendants deny the averments in paragraph 73 of the Complaint.

74. Defendants deny the averments in paragraph 74 of the Complaint.

75. Defendants deny the averments in paragraph 75 of the Complaint.

76. Defendants deny the averments in paragraph 76 of the Complaint.

77. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 76 as adopted in paragraph 77 of the Complaint.

78. Defendants deny the averments in paragraph 78 of the Complaint.

79. Defendants deny the averments in paragraph 79 of the Complaint.

80. Defendants deny the averments in paragraph 80 of the Complaint.

81. Defendants deny the averments in paragraph 81 of the Complaint.

82. Defendants deny the averments in paragraph 82 of the Complaint.

83. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 82 as adopted in paragraph 83 of the Complaint.

84. Defendants deny the averments in paragraph 84 of the Complaint.

85. Defendants deny the averments in paragraph 85 of the Complaint.

86. Defendants deny the averments in paragraph 86 of the Complaint.

87. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 86 as adopted in paragraph 87 of the Complaint.

88. Defendants deny the averments in paragraph 88 of the Complaint.

89. Defendants deny the averments in paragraph 89 of the Complaint.

90. Defendants deny the averments in paragraph 90 of the Complaint.

91. Defendants deny the averments in paragraph 91 of the Complaint.

92. Defendants deny the averments in paragraph 92 of the Complaint.

93. Defendants deny the averments in paragraph 93 of the Complaint.

94. Defendants deny the averments in paragraph 94 of the Complaint.

95. Defendants deny the averments in paragraph 95 of the Complaint.

96. Defendants deny the averments in paragraph 96 of the Complaint.

97. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 96 as adopted in paragraph 97 of the Complaint.

98. Defendants deny the averments in paragraph 98 of the Complaint.

99. Defendants deny the averments in paragraph 99 of the Complaint.

100. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 99 as adopted in paragraph 100 of the Complaint.

101. Defendants deny the averments in paragraph 101 of the Complaint.

102. Defendants deny the averments in paragraph 102 of the Complaint.

103. Defendants deny the averments in paragraph 103 of the Complaint.

104. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 103 as adopted in paragraph 104 of the Complaint.

105. Defendants deny the averments in paragraph 105 of the Complaint.

106. Defendants deny the averments in paragraph 106 of the Complaint.

107. Defendants deny the averments in paragraph 107 of the Complaint.

108. Defendants deny the averments in paragraph 108 of the Complaint.

109. Defendants deny the averments in paragraph 109 of the Complaint.

110. Defendants deny the averments in paragraph 110 of the Complaint.

111. Defendants deny the averments in paragraph 111 of the Complaint.

112. Defendants deny that Plaintiff is entitled to judgement or any relief sought in her Prayer for Relief.

113. All remaining averments not explicitly admitted herein are denied.

**FIRST DEFENSE**

1. The Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

2. Some or all of Plaintiff's claims are time-barred by the governing statute of limitations and/or the doctrine of laches.

**THIRD DEFENSE**

3. To the extent that the Complaint attempts to assert claims against Defendant Ross Woodward in his individual capacity, he entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

**FOURTH DEFENSE**

4. To the extent that the Complaint attempts to assert claims against Defendant Ross Woodward in his individual capacity, he is entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

**FIFTH DEFENSE**

5. Some or all of Plaintiff's claims are barred by the doctrines of issue and/or claim preclusion.

**SIXTH DEFENSE**

6. Plaintiff is estopped and/or has waived her right to assert some or all of the claims asserted in her Complaint.

**SEVENTH DEFENSE**

7. At all times referenced in the Complaint, Defendants actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or affect.

**EIGHTH DEFENSE**

8. If the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused solely as a result of her own acts or omissions.

**NINTH DEFENSE**

9. Alternatively, if the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused and brought about by the acts or omissions of a third party(ies) over whom Defendants had no control and for whose acts or omissions Defendants are neither liable nor responsible to the Plaintiff.

**TENTH DEFENSE**

10. Alternatively, if the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused and brought about by an intervening, superseding cause outside the realm of knowledge, foreseeability or control of Defendants.

**ELEVENTH DEFENSE**

11. Alternatively, Plaintiff had a duty to mitigate her damages and has failed to do so.

**TWELFTH DEFENSE**

12. To the extent that the Complaint asserts claims against Defendant Ross Woodward in his official capacities with the City of Covington, those claims are equivalent to a claim against the City and should be dismissed as redundant.

**THIRTEENTH DEFENSE**

13. Defendants assert all affirmative defenses in the Kentucky Claims Against Local Government Act, KRS 65.2001 *et seq.* as a bar and/or limitation on Plaintiff's claims.

**FOURTEENTH DEFENSE**

14. The imposition of punitive damages against Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments and the excessive fines clause of the Eighth Amendment to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**FIFTEENTH DEFENSE**

15. To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar to Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, City of Covington, and Chief Brian Valenti, Doug Ullrich, and Sean Sinacori individually and in their official capacities as Covington Police Officers, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

***/s/ Olivia F. Amlung***
Jeffrey C. Mando, Esq. (#43548)
Olivia F. Amlung, Esq. (#97449)
Casmir M. Thornberry, Esq. (#100623)

ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
oamlung@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, Ross Woodward, individually and in his official capacity as a Covington police officer, and the City of Covington, Kentucky*

**CERTIFICATE OF SERVICE**

I hereby certify that on the **31st** day of August, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of electronic filing to: Benjamin Potash, Esq.

***/s/ Olivia F. Amlung***
Olivia F. Amlung, Esq.